# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE NATION OF ISLAM;<br>MUHAMMAD'S TEMPLE OF ISLAM;<br>KERRY X [MARSHALL], Minister,<br>JAMES JIHAD BUTLER; SHAWN<br>MUSTAFA SAUNDERS; JAMES<br>SHAKOOR TOWNSEND; MELVIN ALI<br>LINDSAY, and on behalf of all Nation of<br>Islam/Muhammad's Temple of Islam<br>Members at SCI-Mahanoy & S.C.I.s<br>Throughout PDOC, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 12-82<br>District Judge Cathy Bissoon/<br>Magistrate Judge Maureen P. Kelly |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PENNSYLVANIA DEPARTMENT OF<br>CORRECTIONS; JEFFREY A. BEARD,<br>Secretary of Corrections; JOHN DOE #1,<br>Deputy Secretary of Eastern Region;<br>ULLI KLEMM, Director of Bureau of<br>Treatment Services; JOHN DOE #2, #3<br>AND #4, Religious Accommodation<br>Review Committee members; JOHN<br>KERESTES, SCI-Mahanoy Superintendent;<br>J. MACKNIGHT, SCI-Mahanoy Inmate<br>Program Manager; JOHN DOE #5,<br>SCI-Mahanoy Food Service Manager;<br>JOHN DOE #6, SCI-Mahanoy Major of<br>The Guard; JOHN DOE #7, SCI-Mahanoy<br>Deputy Superintendent for Facility<br>Management; JOHN DOE #8,<br>SCI-Mahanoy Deputy Superintendent for<br>Centralized Services; DORINA VARNER,<br>Department of Corrections Chief Grievance<br>Officer; BERNEDETTE MASON,<br>SCI-Mahanoy Grievance Coordinator,<br>Sued in their individual and official<br>capacities, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

## I.  RECOMMENDATION

It is recommended that the pursuant to the Prison Litigation Reform Act ("PLRA") and/or the Court's inherent power to control its docket,[1] all party plaintiffs other than, Kerry Marshall be dismissed from this action, that Plaintiff Marshall's request for class certification be denied and that the case be transferred to the United States District Court for the Middle District of Pennsylvania where venue is proper because all of the remaining claims concern events taking place at the State Correctional Institution in Mahanoy ("SCI-Mahanoy") which is located within the territorial limits of the United States District Court for the Middle District of Pennsylvania ("Middle District").[2]

## II.  REPORT

### A.  BACKGROUND

"Kerry X [Marshall]" as he styles himself in the Civil Action Complaint ("Plaintiff"), is a prisoner currently incarcerated in the State Correctional Institution at Fayette ("SCI-Fayette"), which is located within the territorial limits of the United States District Court for the Western District of Pennsylvania.  However, the gravamen of Plaintiff's Complaint is that, while he and other prisoners were housed at SCI-Mahanoy, Defendants prevented them from practicing their

---

[1] See e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 46-47 (1991)(court's inherent power is not displaced by statutes);  Stafford v. United States, 208 F.3d 1177, 1179 (10th Cir. 2000) ("we should impose the following filing restrictions using our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings").

[2] SCI-Mahanoy is located in Frackville, Pennsylvania, which is located within Schuylkill County.  See http://www.portal.state.pa.us/portal/server.pt/community/hide_mahanoy/11396 Schuylkill County is located within the territorial confines of the United States District Court for the Middle  District of Pennsylvania.  28 U.S.C.A. § 118(b) (setting forth which counties of Pennsylvania are located in which federal districts).

form of Islamic religion and instead, required them to attend Sunni Islamic group prayer services while denying them the right to form their own Nation of Islam group prayer services.  Plaintiff complains that Defendants permit numerous different Christian denominations to have their separate group prayer gatherings and analogizes the differences between Nation of Islam beliefs and Sunni Islam beliefs to differences between the various Christian denominations.   Plaintiff purports to file this civil rights action both as a class action and on behalf of four other inmates who were housed at SCI-Mahanoy.

## B.  DISCUSSION

### 1.  The Class Action Claim Must be Dismissed.

Plaintiff purports to pursue this civil rights Complaint as a class action.   However, because he is a prisoner proceeding *pro se*, he may not commence a class action lawsuit.  See, e.g., Awala v. New Jersey Dept. of Corrections, 227 F.App'x 133, 134 (3d Cir. 2007) (affirming the District Court where the "District Court dismissed Awala's complaint and amended complaint under 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b), concluding that as a pro se prisoner without formal training in the law who is no longer being detained in the same prison facility as the other proposed class members, Awala would not be able to adequately represent the interests of the class and maintain the suit as a class action");  Bricker v. McVey, NO. CIV 1:CV-08-01033, 2009 WL 960383, at *8 n.11  (M.D.Pa. April 7, 2009) ("When confronting such a request from a prisoner, courts have consistently held that a prisoner acting pro se 'is inadequate to represent the interests of his fellow inmates in a class action.'") (*quoting* Carter v. Taylor, 540 F.Supp.2d 522, 527 (D.Del. 2008)); Caputo v. Fauver, 800 F.Supp. 168, 170 (D.N.J. 1992), *aff'd*, 995 F.2d 216 (3d Cir. 1993) (table decision) (stating that "[e]very court that has considered the

issue has held that a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action"). Hence, any putative class action claims should be dismissed.

### 2.   The Four Other Prisoners Must Be Struck as Party Plaintiffs.

Although purportedly brought in the name of Plaintiff and four other prisoners, namely, James Jihad Butler, Shawn Mustafa Saunders, James Shakoor Townsend, and Melvin Ali Lindsey, the complaint was signed solely by Plaintiff. ECF 1-1 at 4 & 20.  Plaintiff is not an attorney and cannot sign pleadings on behalf of anyone. 61B Am. Jur. 2d Pleading § 835 (2011)("A pleading that purports to be filed on behalf of more than one party to a matter must be signed by each party or, if a party is represented, by the party's attorney."); Scarella v. Midwest Fed. Sav. and Loan, 536 F.2d 1207, 1209 (8th Cir. 1976) ("Rule 11 of the Federal Rules of Civil Procedure requires that every pleading be signed by the party filing it, or by that party's attorney. Here the notice of appeal, which was purported to be on behalf of all appellants, was signed only by appellant Scarrella, who is not an attorney. Since appellants Bullock and Brisson did not sign the notice of appeal, their appeals must be dismissed."); Williams v. Frame, 145 F.R.D. 65, 65 (E.D. Pa. 1992) ("Since Dejesus did not sign the complaint individually and sought to have a non- lawyer 'sign' it for her, the complaint as to Dejesus is not in conformity with Rule 11. Rule 11 states that 'if a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant.'"). See Fed.R.Civ.P. 11(a).  Hence, the class action claims must be dismissed prior to service.  In addition, because Plaintiff Marshall is not an attorney, and the four other prisoners on whose behalf he purports to file this lawsuit did not sign the complaint, the four other prisoners should be dismissed without prejudice.

### 3.   Venue is Proper in The Middle District of Pennsylvania.

In light of the recommendations above, the only remaining claims are Plaintiff Marshall's individual claims that while housed in SCI-Mahanoy, he was denied his religious rights.  SCI-Mahanoy is located in the territorial boundaries of the United States District Court for the Middle District of Pennsylvania.  Having considered all of the factors governing venue,[3] it is recommended that the Clerk should be ordered to transfer this case forthwith to the Middle District of Pennsylvania as venue for the remaining claims is more proper therein.  See, e.g., Robinson v. Town of Madison, 752 F.Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation.").  See also 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.");  Davis v. Regan, 872 F.2d 1025 (Table), 1989 WL 40200, at *1 (6th Cir. 1989) (affirming sua sponte pre service dismissal on grounds of improper venue).  We conclude that it would be in the interest of justice to transfer this case to the Middle District of Pennsylvania.

## CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to timely file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2

---

[3] See, e.g., Calkins v. Dollarland, Inc., 117 F.Supp.2d 421, 428 (D.N.J. 2000) (setting forth the factors to consider for transferring venue).

<u>s/Maureen P. Kelly</u>
MAUREEN P. KELLY
U.S. MAGISTRATE JUDGE

Dated:  February 1, 2012

cc:     The Honorable Cathy Bissoon
        United States District Judge


        Kerry X [Marshall]
        BE-7826
        SCI Fayette
        P.O. Box 9999
        LaBelle, PA 15450