**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KERRY X [MARSHALL]**, : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL NO. 3:CV-12-0351** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **PENNSYLVANIA DEPARTMENT OF** : | |
| **CORRECTIONS**, *et al.*, : | |
| : | |
| **Defendants** : | |

**O R D E R**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Presently before the Court is Plaintiff Kerry "X" Marshall's[1] motion for reconsideration of our May 14, 2012, order denying his request for injunctive relief because of his transfer from SCI-Mahanoy, the institution where he claims defendants denied his request for a religious accommodation. (Docs. 26). Mr. Marshall, who is presently housed at SCI-Rockview, claims that his action is not limited to the events at SCI-Mahanoy but poses a system wide challenge to the DOC's religious policies and practices with respect to all Nation of Islam adherents like himself. (*Id.*) For the reasons that follow, the motion will be denied.

---

[1] The Court notes that there is no inmate by the name "Kerry X" presently confined within the Pennsylvania Department of Corrections (DOC). *See* DOC's Inmate Locator at http://inmatelocator.cor.state.pa.us/inmatelocatorweb/. However, plaintiff's inmate number matches an individual by the name of Kerry Marshall. As Kerry Marshall is plaintiff's commitment name, his legal name while serving his present term of incarceration, for the sake of clarity the Court will refer to him by this name.

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D.Pa. 2002).

It is well established that a prisoner's transfer or release from incarceration renders his claims for injunctive relief moot because he is no longer subject to the conditions he alleges are unconstitutional. *See Abdul–Akbar v. Watson*, 4 F.3d 195, 197 (3d Cir. 1993). Mr. Marshall filed this action in the Western District of Pennsylvania while housed at SCI-Fayette. In his Complaint he alleges that SCI-Mahanoy staff, and DOC central office staff through their affirmance of SCI-Mahanoy defendants' denial of his requests for religious accommodation, interfered with his ability to practice his religion. Although housed at SCI-Fayette, he did not allege any SCI-Fayette staff members interfered with his ability to practice his NOI faith or that they denied a request for religious accommodation pursuant to DOC policies. As such, the Honorable Judge Bisson of the Western District of

Pennsylvania transferred the matter to this Court as SCI-Mahanoy is located within the Middle District of Pennsylvania. (Doc. 6). As the allegations of his Complaint were confined to events that occurred at SCI-Mahanoy, neither the transferring Court nor this Court, construe Mr. Marshall's action as a system wide challenge to the DOC's religious policies. As such, his transfer from SCI-Mahanoy made his request for injunctive relief moot.

To the extent Mr. Marshall claims that the SCI-Rockview officials have denied a request for religious accommodation pursuant to the same DOC policy, those allegations are not contained within his Complaint. Should he seek to challenge a decision of SCI-Rockview officials, he may seek relief in a separate action.

**ACCORDINGLY, THIS   27th    DAY OF JUNE, 2012, IT IS HEREBY ORDERED THAT** Plaintiff's Motion for Reconsideration (Doc. 26) is **DENIED**.

       /s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**