# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KERRY-X [MARSHALL],** : | |
| **Plaintiff** : | [**CIVIL ACTION NO. 3:12-0351**](#) |
| v. : | (JUDGE MANNION) |
| **PENNSYLVANIA DEPARTMENT OF CORRECTIONS, <u>et al.</u>,** : | |
| **Defendants** : | |

## <u>MEMORANDUM AND ORDER</u>[1]

On January 24, 2012, Plaintiff, Kerry-X Marshall, filed the above captioned, *pro se* action, on behalf of himself and four other individuals,[2] in the United States District Court for the Western District of Pennsylvania, at Civil No. 2:12-cv-00082. (See Doc. No. [7](#)).

On February 1, 2012, Magistrate Judge Kelly issued a Report and Recommendation, recommending, *inter alia*, that the four parties who did not sign the Complaint be dismissed, and that the remaining claims be transferred to the United States District Court for the Middle District of Pennsylvania. (Doc. No. [2](#)).

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

[2] James Jihad Butler, Shawn Mustafa Saunders, James Shakoor Townsend, and Melvin Ali Lindsey are the four other named Plaintiffs.

On February 17, 2012, Judge Bissoon adopted the Report and Recommendations in full, dismissed the four non-signatory Plaintiffs, and transferred the action to this Court. (Doc. No. 6).

On May 15, 2012, the Court, *inter alia*, denied Plaintiff's motion for preliminary injunction and directed the United States Marshal to serve the Complaint upon Defendants. (Doc. No. 21.) The United States Marshal Service served the Complaint on May 17, 2012. (See Doc. No. 28).

Presently before the Court are motions for permissive joinder, pursuant to Fed.R.Civ.P. 20, filed by James "Shakoor" Townsend, an inmate at the Mahanoy State Correctional Institution, Frackville, Pennsylvania, (See Doc. No. 17), and Shawn "Mustafa" Saunders, an inmate at the State Correctional Institution, Graterford, Pennsylvania. (See Doc. No. 23). For the reasons set forth below, these motions will be denied.

**Discussion**

In Hagan v. Rogers, 570 F.3d 146 (3d Cir.2009), the United States Court of Appeals for the Third Circuit addressed certain considerations applicable to civil cases in which multiple prisoner-plaintiffs seek to join in one action pursuant to Rule 20.[3]

---

[3]"In exercising its discretion [whether to permit joinder], the District Court must provide a reasoned analysis that comports with the requirements of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court." Hagan, 570 F.3d at 157.

Rule 20 of the Federal Rules of Civil Procedure provides the following regarding permissive joinder of parties:

> (1) Plaintiffs. Persons may join in one action as plaintiffs if:
>
> > (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> >
> > (B) any question of law or fact common to all plaintiffs will arise in the action.
>
> (2) Defendants. Persons ... may be joined in one action as defendants if:
>
> > (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> >
> > (B) any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a).

The requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy. See Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002). However, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit. See, e.g., Pruden v. SCI Camp Hill, 252 Fed. App'x 436 (3d Cir.2007); George v. Smith, 507 F.3d 605 (7th Cir.2007); Coughlin v. Rogers, 130 F.3d 1348 (9th Cir.1997).

Moreover, Rule 21 of the Federal Rules of Civil Procedure provides that,

"[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Similarly, a district court has broad discretion in deciding whether to sever a party or claim pursuant to Rule 21. Although Rule 21 is most commonly invoked to sever parties improperly joined under Rule 20, "the Rule may also be invoked to prevent prejudice or promote judicial efficiency." Lopez v. City of Irvington, 2008 WL 565776, *2 (D.N.J.2008); see also Sporia v. Pennsylvania Greyhound Lines, Inc., 143 F.2d 105 (3d Cir.1944) (not limiting Rule 21 severance to cases of misjoinder); Wyndham Assoc. v. Bintliff, 398 F.2d 614 (2d Cir.) (same, citing Sporia ), cert. denied, 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968); Rohr v. Metropolitan Ins. & Cas. Co., 2007 WL 163037 (E.D.La. Jan.17, 2007) (court may also consider whether jury confusion would result from the volume of evidence if the plaintiffs were joined); 4 James Wm. Moore et al., Moore's Federal Practice § 21.02(1) (3d ed.2007) (courts may issue severance orders under Rule 21, even in the absence of misjoinder and non-joinder of parties, "to construct a case for the efficient administration of justice").

Specific factors to be considered in determining whether severance is warranted include: "(1) whether the issues sought to be tried separately are significantly different from one another, (2) whether the separable issues require the testimony of different witnesses and different documentary proof, (3) whether the party opposing the severance will be prejudiced if it is granted, and (4) whether the party requesting severance will be prejudiced if it is not

granted." German v. Federal Home Loan Mortgage Corp., 896 F.Supp. 1385, 1400 (S.D.N.Y. 1995).

In addition, a district court has the inherent power "'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" United States v. Colomb, 419 F.3d 292, 299 (5th Cir. 2005) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). "A court's inherent power to manage its caseload, control its docket, and regulate the conduct of attorneys before it, provides authority to fashion tools that aid the court in getting on with the business of deciding cases." Eash v. Riggins Trucking, Inc., 757 F.2d 557, 567 (3d Cir.1985).

While the instant complaint seeks the shared remedy for the alleged denial of the First Amendment right to one's freedom to exercise religion, the complaint fails to set forth facts which are common to all Plaintiffs. (Doc. No. 7, complaint). While, "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties," United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966) (footnote omitted), "[i]n making a joinder decision, the district court is guided by the underlying purpose of joinder, which is to 'promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits.'" Swan, 293 F.3d at 1253 (quoting Alexander v. Fulton County, Georgia, 207 F.3d 1303, 1323 (11th Cir. 2000)). "[T]he court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the

objectives of the rule, but will result in prejudice, expense or delay." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1652 (3d ed.2009) (citations omitted); see also Chavez v. Illinois State Police, 251 F.3d 612, 632 (7th Cir. 2001) (a district court's discretion with respect to joinder "allows a trial court to consider, in addition to the requirements of Rule 20, 'other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness'" (citations omitted)).

In this matter, in addition to an absence of shared facts or occurrences, is the absence of the proposed Plaintiffs' signatures on the complaint. The complaint is signed only by Marshall, and the attached supporting documentation refers only to Marshall. Id. Thus, the fact that the Complaint is signed only by Marshall, and is virtually silent as to any shared claims, suggest that a joinder of Plaintiff's claims with whatever challenges other Plaintiffs might wish to raise would not foster the objectives of the Rule; rather, it is likely to result in undue prejudice, unwarranted expense and/or unnecessary delay. Simply put, the claims set forth in the Complaint do not appear appropriate for joinder, cf. Pope v. Miller, Civil No. 07–0284, 2007 WL 2427978 (W.D. Okla. Aug. 21, 2007) (not appropriate to join access-to-courts claims and Eighth Amendment medical-care and conditions-of-confinement claims): proceeding with multiple, separate litigation for each Plaintiff under the same cause number would be distracting at best—and costly, confusing, and grossly

inefficient at worst. See Johnson–Bey v. Indiana Department of Corrections, Civil No. 09–0249, 2009 WL 1691150 (N.D. Ind. June 16, 2009); Steward v. Mississippi, Civil No. 07–0184, 2007 WL 4375210 (S.D. Miss. Dec.12, 2007). Nor do the prospective Plaintiffs' motions support joinder.

Initially, the Court notes that inmate Saunders filed his motion for permissive joinder without a brief in support, as required by M.D. Pa. Local Rule 7.5, and his motion provides no information as to what facts or claims he shares with Plaintiff Marshall. Likewise, although inmate Townsend submitted a brief in support of his motion, he, too, fails to provide facts common with Plaintiff Marshall. In fact, there is no indication that either prospective Plaintiff was ever incarcerated in the same facility with Plaintiff Marshall, at the same time, experiencing the same alleged deprivations.

Moreover, Defendants submit the declaration of Keri Moore, Grievance Review Officer for the Secretary's Office of Inmate Grievances and Appeals, which reveals that neither Saunders, nor Townsend, ever appealed a grievance relating to religion or religious accommodations to the Secretary's Office for final review. (See Doc. Nos. 42, 43, Ex. A, Declaration of Keri Moore). As such, these prospective Plaintiffs would be barred from litigating any of the claims raised in the complaint.[4] Consequently, the Court declines to permit

---

[4]It is well established that an inmate must exhaust his administrative remedies prior to filing a civil rights suit. Porter v. Nussle, 534 U.S. 516, 532 (2002); Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004); Woodford v. Ngo,

joinder of inmates Saunders and Townsend in the instant action. Inmates Saunders and Townsend are free, however, to pay the appropriate filing fee and file individual complaints.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**1.** The motions for joinder (Doc. Nos. 17, and 23) filed by inmates James "Shakoor" Townsend and Shawn "Mustafa" Saunders are **DENIED**.

**2.** Plaintiff's motions for leave to file a sur reply in response to Defendants' brief in opposition to the motions for joinder, (Doc. Nos. 66, and 68) are **DISMISSED** as moot.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Date: May 10, 2013

O:\Mannion\shared\MEMORANDA - DJ\2012 MEMORANDA\12-0351-02.wpd

---

548 U.S. 81, 84-85 (1006) (holding that the PLRA's exhaustion requirement is mandatory); 42 U.S.C. § 1997e(a). The exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered by the administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see also Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000) (explaining that "the PLRA amended § 1997e(a) in such a way as to make exhaustion of all administrative remedies mandatory–whether or not they provide the inmate-plaintiff with the relief he says he desires"). "[I]t is beyond the power of [Third Circuit Court of Appeals] - or any other - to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis, 204 F.3d at 73; see also Porter, 534 U.S. at 532.