**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KERRY-X [MARSHALL]**, | : |
| **Plaintiff** | : CIVIL ACTION NO. 3:12-0351 |
| v. | : (JUDGE MANNION)[1] |
| **PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al.**, | : |
| **Defendants** | : |
| | : |

**MEMORANDUM**[2]

**I.    Background**

On January 24, 2012, Plaintiff, Kerry-X Marshall, filed the above captioned, *pro se* action, on behalf of himself and four other individuals, in the United States District Court for the Western District of Pennsylvania, at Civil No. 2:12-cv-00082. (See Doc. No. 7). James Jihad Butler, Shawn Mustafa Saunders, James Shakoor Townsend, and Melvin Ali Lindsey are the four other named Plaintiffs. Plaintiff alleges a denial of the First Amendment right to one's freedom to exercise religion. By Order dated February 17, 2012, the action was transferred to the United States District Court for the Middle

---

[1] The caption on Defendants' documents continually include Judge Caputo as the assigned judge. However, this action has not been assigned to Judge Caputo since September 5, 2012. (See Doc. No. 53).

[2] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

District of Pennsylvania.

Presently before the Court is Defendants' motion for summary judgment. (Doc. No. 88). The motion is ripe for disposition, and for the reasons set forth below, will be denied. Also before the Court are Plaintiff's motion for leave to file an amended complaint (Doc. No. 91) and Plaintiff's motion to compel. (Doc. No. 92). Plaintiff's motion for leave to amend will be denied, and his motion to compel will be granted.

## II.     Standard of Review

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Aetna Cas. & Sur. Co. v. Ericksen, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson,

2

477 U.S. at 249; see also Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003); see also Celotex, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. Boyle v. County of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." Celotex Corp., 477 U.S. at 322-23; Jakimas v. Hoffman-La

Roche, Inc., 485 F.3d 770, 777 (3d Cir. 2007).

**III.     Statement of Facts**

From the pleadings, declarations, and exhibits submitted therewith, the following pertinent facts can be ascertained from the record as undisputed.

Marshall was housed at SCI-Mahanoy from September 23, 2008 until April 4, 2011, when he was transferred to SCI-Fayette. (See Doc. No. 90, Ex. A, Pennsylvania Department of Corrections ("DOC"), Moves Report). Plaintiff is currently housed at SCI-Rockview. Id.

While housed at SCI-Mahanoy, Plaintiff filed a grievance concerning the denial of separate worship services for the Nation of Islam ("NOI") and Muhammad's Temple of Islam ("MTOI"), which was denied in a Final Appeal Decision, dated March 12, 2010, and which found the following:

> You state that you were denied separate Muhammad's Temple of Islam (MTOI) Services at SCI-Mahanoy based on a religious discriminatory policy. Your concerns have been investigated. Records reflect that you submitted a Religious Accommodations Request requesting such services. Your request was reviewed and it was decided that separate services/classes for MTOI inmates are currently denied as services and spiritual growth opportunities are already provided for inmates who identify with the broad Islamic faith. Therefore, our grievance appeal to this office is denied. There is no evidence to suggest that SCI-Mahanoy is discriminating against your religion.

(Doc. No. 86, Final Appeal Decision).

Different correctional institutions have different programs for different religious groups based on a variety of factors, including, but not limited to, the

4

religious affiliation of the inmate population at the particular institution. (Doc. No. 90, Ex. B, Defendants Klemm's Responses to Plaintiff's First Set of Interrogatories).

On January 24, 2012, Plaintiff, Kerry-X Marshall, filed the above captioned, *pro se* action, on behalf of himself and four other individuals[3], in the United States District Court for the Western District of Pennsylvania, at Civil No. 2:12-cv-00082. (Doc. No. 7, complaint). He states that:

> This civil action concerns a Federal Constitutional/Federal and State statutory challenge of a PDOC-Religious Policy, which all SCIs are subject to follow within the PDOC system (namely, PDOC, SCIM, SCIF, and SCIR), that violates Plaintiffs' civil rights by: (1) prevents Plaintiffs' free exercise of NOI, (2) establishment of Sunni Islam sect as the PDOC's favored Islamic group to be followed over Plaintiffs', (3) prevents Plaintiffs from observing separate NOI religious services, while allowing separate Christian religious services, (4) compels NOI and Sunni Islam groups to merge and observe combined Islamic services contrary to Plaintiffs' religious beliefs, while not compelling the four Christian groups to do the same, (5) coercively pressures Plaintiff's to convert to and follow Sunni Islam, while not compelling the Christian sects' adherents to convert to and follow the larger Protestant group, (6) prevents the Plaintiffs from purchasing and wearing the 'NOI Crown' (Islamic Fez headcap), while allowing adherents of other religions to wear their religions' head caps, and (7) de facto 'banned' Plaintiffs' NOI faith and required practices.

Id.

On February 1, 2012, Magistrate Judge Kelly issued a Report and Recommendation, recommending, that the four parties who did not sign the

---

[3] James Jihad Butler, Shawn Mustafa Saunders, James Shakoor Townsend, and Melvin Ali Lindsey are the four other named Plaintiffs.

Complaint be dismissed, that any putative class action claims be dismissed, and the remaining claims be transferred to the United States District Court for the Middle District of Pennsylvania. (Doc. No. 2). The Magistrate Judge found that the only remaining claims were Plaintiff Marshall's individual claims that while housed in SCI-Mahanoy, he was denied his religious rights. (Doc. No. 2, at 5).

By Memorandum Order dated February 17, 2012, Judge Bissoon adopted the Report and Recommendations in full, dismissed the four non-signatory Plaintiffs, and transferred the action to this Court. (Doc. No. 6).

On May 15, 2012, the Court, recognizing Judge Bissoon's Memorandum Order, directed the Clerk of Court to re-caption the above complaint to reflect the name of the sole Plaintiff, Marshall, in this matter. (Doc. No. 21.) Additionally, the Court denied Plaintiff's motion for preliminary injunction, finding that Plaintiff did not have standing to bring claims, or requests for relief, on behalf of other inmates, and that Marshall's transfer from SCI-Mahanoy mooted his claim for injunctive relief involving that facility. Id. Finally, the Court granted Marshall's motion for leave to proceed in forma pauperis, and directed the United States Marshal to serve the Complaint upon Defendants. Id. The United States Marshal Service served the Complaint on May 17, 2012. (See Doc. No. 28).

Subsequent to service of the complaint, this Court denied two motions (Doc. Nos. 17, and 23), for permissive joinder, pursuant to Fed.R.Civ.P. 20,

6

filed by James "Shakoor" Townsend, an inmate at the Mahanoy State Correctional Institution, Frackville, Pennsylvania, and Shawn "Mustafa" Saunders, an inmate at the State Correctional Institution, Graterford, Pennsylvania. (See Doc. No. 84). The Court found that while the instant complaint sought the shared remedy for the alleged denial of the First Amendment right to one's freedom to exercise religion, the complaint failed to set forth facts which were common to all Plaintiffs. Id. Moreover, in addition to an absence of shared facts or occurrences, was the absence of the proposed Plaintiffs' signatures on the complaint. Id. The complaint was signed only by Marshall, and the attached supporting documentation referred only to Marshall. Id. Thus, the fact that the Complaint was signed only by Marshall, and was virtually silent as to any shared claims, suggested that a joinder of Plaintiff's claims with whatever challenges other Plaintiffs might wish to raise would not foster the objectives of the Rule; rather, it is likely to result in undue prejudice, unwarranted expense and/or unnecessary delay. Id. Accordingly, the motions were denied. Id.

## IV. Discussion

### A. Summary Judgment

Defendants seek the entry of summary judgment based upon Plaintiff's failure to have standing to bring the current suit on behalf of inmates at SCI-Mahanoy, arguing that Courts have held consistently that an inmate does not

have standing to sue on behalf of his fellow prisoners. (Citations omitted). (See Doc. No. 89).

While the Court agrees with Defendants' argument, it also finds that the issue of Plaintiff representing other inmates at SCI-Mahanoy was previously decided by Judge Bissoon's Memorandum Order, adopting the Magistrate Judge's Report and Recommendations in full, dismissing the four non-signatory Plaintiffs, and transferring the action to this Court, as it pertained to only Plaintiff's individual claims. (See Doc. No. 6). Thus, the Court will deny summary judgment, as this issue has previously been resolved.

Additionally, to the extent that Defendants seek summary judgment based on the fact that Marshall's request for injunctive relief is moot as a result of his transfer from SCI-Mahanoy, this issue was also previously addressed by this Court's May 15, 2012 Order denying Plaintiff's motion for preliminary injunction. (See Doc. No. 21). Consequently, Defendants' motion for summary judgement will be denied.

B. **Motion to Amend**

Federal Rule of Civil Procedure 15(a) sets out the standard for granting leave to amend a complaint when, as is the case here, a responsive pleading has been served: "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a). The Rule clearly states that "[t]he court should freely give leave when justice so

requires." Id. Nonetheless, the policy favoring liberal amendments is not "unbounded." Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir.1990). The decision whether to grant or to deny a motion for leave to amend rests within the sound discretion of the district court. Foman v. Davis, 371 U.S. 178, 182 (1962). A district court may deny leave to amend a complaint where "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." Lake v. Arnold, 232 F.3d 360, 373 (3d Cir.2000) (citing Foman, 371 U.S. at 182, 83 S.Ct. 227).

In his motion to amend, Plaintiff seeks to "clarify his claims for relief", "correct factual errors", and "detail elements of counts". (Doc. No. 91). Specifically, Plaintiff alleges that the gravamen of his amended complaint is the impact the Department of Corrections Administrative Directive 819 ("DC–ADM 819"), which Plaintiff states "establishes the procedures and standards for a religious accommodation by an inmate", has had on his ability to exercise his religion while housed in the DOC, particularly, at SCI-Mahanoy and subsequently at SCI-Rockview. Id. In addition, Plaintiff seeks to add new Defendants, including "John Does 1-6" and claims which occurred subsequent to the filing of the instant action. Id.

Defendants argue against the grant of leave to amend, contending that Plaintiff's proposed amended complaint does not contain substantial or convincing evidence that he is entitled to relief, the motion is untimely, given

that summary judgment is pending, and Plaintiff has already been denied a motion to file a supplemental complaint, which in effect mirrored the allegations in the proposed amended complaint. (See Doc. No. 94 at 5). The Court agrees.

Plaintiff's denial to file a supplemental complaint, (see Doc. No. 86), was based primarily on Plaintiff's attempt to incorporate Defendants and events from different facilities, including one not even located in the Middle District. Id. Plaintiff's motion to amend seeks the same. The Court finds that Plaintiff's attempt to amend his complaint more than an year after his original complaint was filed, adding Defendants from a different facility, and claims that post date the original complaint, places an unfair burden on Defendants. Since different correctional institutions have different programs for different religious groups based on a variety of factors, Plaintiff is free to raise his alleged denial of religious freedoms, specific to SCI-Rockview, in a new action. Plaintiff's motion to amend will be denied, and the instant action will proceed on the original complaint filed.

### C. Motion to Compel

Plaintiff alleges that on April 3, 2013, he served a "Second Set of Production of Documents" and "Second Set of Interrogatories" on Defendants, and on May 15, 2013 served a "Notice" on Defendants, that "they have exceeded the 30 days deadline to respond to the 4-3-13 discovery requests." ((Doc. No. 93, brief in support of motion to compel). Additionally, Plaintiff

states that on June 3, 2013, he served a "Second Set of Interrogatories to Defendants Beard, Klemm and Varner", in which they "failed to respond to within 30 days." Id. No brief in opposition to Plaintiff's motion has been filed. As such, the Court will grant Plaintiff's motion to compel and direct that Defendants respond to any, and all, of Plaintiff's outstanding discovery requests. An appropriate order will follow.

s/ *Malachy E. Mannion*  
**MALACHY E. MANNION**  
**United States District Judge**

Date: January 22, 2014

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2012 MEMORANDA\12-0351-05.wpd